RICHARDSON v. McCORMICK.

1. **Appeal:** ASSIGNMENT OF ERROR. An assignment of error in the form that the court erred in overruling appellant's motion for a new trial is not specific enough to comply with the requirements of section 3207 of the Code, and will be disregarded by the court.

2. **Verdict:** WHEN TOO INDEFINITE. In an action for the recovery of certain articles of personal property a verdict declaring that the plaintiff was "entitled to the following property described in her petition," but which failed to enumerate the articles, was *held* to be so indefinite and uncertain that no judgment could be rendered thereon.

*Appeal from Cerro Gordo District Court.*

FRIDAY, OCTOBER 19.

THE intervenor filed her petition in a cause pending, in which C. H. and L. J. McCormick were plaintiffs, and David Richardson was defendant, claiming that she was the absolute owner of the following property, attached as the property of David Richardson, to-wit: One gray mare, of the value of $150; one bay horse, of the value of $150; one bay mare colt, of the value of $50; one lumber wagon, of the value of $60, and one set of double harness, of the value of $25. At the September term, 1875, the cause was tried, and a verdict was rendered for the plaintiff, which the court, on motion of defendants, set aside. At the October term, 1876, the cause was again tried, and a verdict was returned as follows, to-wit: "We, the jury, find the intervenor, Elizabeth Richardson, entitled to the following property, described in her petition, viz: (naming the articles), and the damage in the sum of $458." The defendants moved to set aside the verdict, and for a new

trial, on the following grounds: 1. The verdict is contrary to the evidence. 2. The verdict is contrary to law. 3. The court erred in giving the 13th instruction. 4. The jury disregarded the instructions of the court. 5. The verdict is so indefinite and uncertain that no judgment can be rendered on it. 6. The court erred in overruling the objections of defendants to the evidence of the witness, Elizabeth Richardson, on the value of the use of the property. The court overruled this motion. The plaintiff thereupon withdrew her claim for damages, without prejudice. The court rendered judgment that plaintiff is entitled to the possession of all the property described in her petition. The defendants appeal. The errors assigned are as follows: 1. The court erred in overruling appellants' motion for a new trial. 2. The court erred in rendering judgment on the verdict.

*Goodykoontz* and *Wilber*, for appellants.

No argument for appellee.

DAY, CH. J.—I. The motion for new trial presents six distinct objections to the verdict. The first assignment of error,

1. APPEAL: assignment of error. that the court erred in overruling appellants' motion for a new trial, does not, in a way as specific as the case will allow, point out the very error objected to. The error is not assigned with the required exactness, and hence, under the statute, we should disregard it. Code, § 3207.

II. The second error assigned is, that the court erred in rendering judgment upon the verdict. This fairly presents

2. VERDICT: when too indefinite. the question as to the indefiniteness and uncertainty of the verdict. From the abstract it appears that the verdict is exactly in the form set forth in the foregoing statement, the words *naming the articles* being inserted in parenthesis, but no article being named which the jury find plaintiff is entitled to. The plaintiff claims two horses, one colt, one lumber wagon, and one set of double harness. The evidence was not the same as to all these articles. The jury might have found the plaintiff entitled to

some of them, and not entitled to others. It is impossible to tell whether the jury found plaintiff entitled to all, or a part of these articles; and if but to a part, to what part. The motion to set aside the verdict should have been sustained upon the ground that it is so indefinite and uncertain that no judgment can be rendered upon it. The court erred in rendering judgment in plaintiff's favor for all the property described in the petition.

REVERSED.